# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

In re:  SEAN TYLER,                                    Case No.  14-32817-KRH
                                                       Chapter 7

        Debtor.
_____

        ALLY FINANCIAL INC.

        Plaintiff,

v.                                                     AP No. 14-03135-KRH

        SEAN TYLER,

        Defendant.

## MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Ally Financial Inc. ("Ally"), by counsel, and moves this Court, pursuant to Fed. R. Civ. P. 37, Bankruptcy Rule 7037 and Local Bankruptcy Rule 7026-1(C) for an order compelling the Debtor in the above-captioned case to fully respond to the discovery request propounded to him by Ally, and in support thereof states as follows:

### Introduction

1.    On or about September 13, 2011, the Debtor entered into a Retail Installment Contract (the "Contract") with Atlanta Luxury Motors in Roswell, Georgia for the purchase of a 2009 Land Rover, VIN Number SALSF25419A209116 (the "Vehicle").

2.    Also on September 13, 2011, in connection with the Contract, the Debtor supplied a credit application, representing to Ally that he was employed by Computer

Authority Stores, and compensated in the annual amount of $110,000.

    3.    The Contract was subsequently assigned to Ally.

    4.    In 2012, the Defendant met a "broker" named Terrell Williams ("Williams") at the side of a highway in Georgia. The Debtor testified at his 341 meeting of creditors that Williams was to give the Vehicle to an entity known as Financial Capital Corp. in Atlanta, Georgia ("Financial") for the purpose of subleasing it. The Defendant failed to obtain Ally's consent to transfer the Vehicle to Financial, and Ally has never provided authorization for such a transfer to take place.

    5.    Despite the Debtor's representation that he knew or knows the whereabouts of the Vehicle, and despite his promises to recover the Vehicle to Ally's possession, the Debtor has failed to return the Vehicle to Ally.

    6.    Despite the Debtor's representations that Williams is a third-party "broker," Ally is informed that Williams is the Debtor's brother. Ally is further informed and believes that that Computer Authority Stores (the Debtor's alleged employer at the time of the Contract) is an entity that is owned by Williams' wife.

    7.    Ally is informed and believes that the Debtor is engaged in a scheme to actively conceal or dispose of Ally's collateral for the Debtor's own financial gain.

## **The Discovery Requests**

    8.    On October 10, 2014, Ally propounded a set of written discovery requests (the "Written Discovery Requests") to the Debtor, which were mailed to the Debtor at his address of record and additionally transmitted by courtesy copy to counsel for the Debtor in his main bankruptcy case. The Debtor failed to respond to the Written Discovery Requests.

    9.    On or about October 27, 2014, Ally served the Debtor with a subpoena

commanding the Debtor to testify during deposition in this adversary proceeding and to provide the documents and responses requested in the written discovery requests. The deposition was conducted on November 12, 2014 (the "Deposition," and together with the Written Discovery Requests, the "Discovery Requests").

10. The Debtor appeared at the Deposition and refused to testify. The Debtor represented that he was without counsel in this adversary proceeding and, on that basis, would respond to none of Ally's questions. When asked about his intent to retain an attorney, the Debtor indicated no specific intent to retain counsel, but maintained in his refusal to respond to questioning by Ally.

11. Ally believes that the Debtor's refusal to comply with the Discovery Requests is in furtherance of his scheme to defraud Ally by misleading Ally about the status and location of the Vehicle.

**Basis for Relief**

12. The Discovery Requests and responses thereto are governed by Rules 32, 33, 34, and 37 of the Federal Rules of Civil Procedure, made applicable in this contested matter pursuant to Rules 9014, 7032, 7033, 7034, and 7037 of the Federal Rules of Bankruptcy Procedure.

13. Discovery serves "a useful purpose ... [and makes] a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble*, 356 U.S. 677, 682, 78 S. Ct. 983, 986 (1958). When a party makes an improper objection to a discovery request or fails to respond adequately to a discovery request, a motion to compel is the proper remedy. *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 995 (8th Cir. 1975).

14. When a party completely fails to respond to a discovery request, the Court

may order monetary and other sanctions. Fed. R. Civ. P. 37(d). An evasive or incomplete disclosure, answer, or response is treated as a failure to respond under Rule 37(a)(4), which also treats general, non-specific objections as a failure to respond and a waiver of objection.  Attorney's fees are properly awarded to a party who successfully wins a motion to compel when the objecting party has no substantial justification for refusing to provide the discovery or has caused undue delay of the litigation. *See* Rule 37(a)(5)(A)(ii).

15. The Debtor has refused to respond to the Discovery Requests for the purpose of evading and defrauding Ally and this Court and to delay the litigation proceeding against him. By failing to meet their obligations, the Debtor has interfered with the judicial process and are creating prejudice to Ally and other parties in interest in this case.

16. Given the Debtor's intentional misrepresentations and baseless refusal to testify during the Deposition, and his continuing refusal to comply with Ally's reasonable requests for information, the Debtor should be compelled to comply with the Discovery Requests and an order of sanctions should be entered against him. Ally requests an order directing the Debtor to reimburse Ally for its fees, costs, and expenses incurred in seeking response from the Debtor and in pursuing the relief sought in the instant Motion.

17. Ally hereby certifies, pursuant to Federal Rule of Bankruptcy Procedure 7037(a)(1), that it has attempted to confer in good faith with the Debtor in an effort to resolve this matter without the intervention of the Court. Alas, the Debtor has been non-responsive to Ally's advances in this regard.

WHEREFORE, Ally Financial, Inc. respectfully request that this Court enter an

order, pursuant to Fed. R. Bankr. P. 7037: (1) compelling the Debtor to respond to the discovery requests propounded to them by Ally; (2) directing the Debtor to reimburse Ally for its fees, costs, and expenses incurred in this matter; and (3) imposing sanctions, monetary and otherwise, upon the Debtor; and (4) for other and further relief as this Court deems just and proper.

                              ALLY FINANCIAL INC.

                              By: */s/ Cullen D. Speckhart*

Cullen D. Speckhart, Esquire (VSB #79096)
Carl A. Eason, Esquire (VSB#18636)
**Wolcott Rivers Gates**
Convergence Center IV
301 Bendix Road, Suite 500
Virginia Beach, VA 23452
Telephone: 757-497-6633
Counsel for Ally Financial Inc.


CERTIFICATION OF SERVICE

      I hereby certify that on the 27th day of November, 2014 a true copy of the foregoing was mailed or electronically transmitted to the pro se Debtor at 6430 Fairpines Road, Richmond, VA 23234, and to all parties registered to receive CM/ECF notices in this adversary proceeding.

                              */s/ Cullen D. Speckhart*